UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------------
NESER DERTI,

                Plaintiff,

-against-

SGT. BARG; H.O. GUTWEIN; DIR. OF SHU
VENETTOZZI, COMMISSIONER ANNUCCI,

                Defendants.
----------------------------------------

7:19-CV-10215 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, currently incarcerated in the Elmira Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983 and seeks damages. He sues Correctional Sergeant Barg, Disciplinary Hearing Officer Gutwein, Special Housing/Inmate Disciplinary Program Director Venettozzi, and Acting State Correctional Commissioner Annucci. By order dated February 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").¹

The Court directs service on the defendants. The Court directs the defendants to comply with Local Civil Rule 33.2. And the Court denies Plaintiff's application for the appointment of counsel without prejudice.

## DISCUSSION

**A.   Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

¹ Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Barg, Gutwein, Venettozzi, and Annucci until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Barg, Gutwein, Venettozzi, and Annucci until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on Barg, Gutwein, Venettozzi, and Annucci within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Barg, Gutwein, Venettozzi, and Annucci through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for Barg, Gutwein, Venettozzi, and Annucci, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery

2

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Barg, Gutwein, Venettozzi, and Annucci must serve responses to those standard discovery requests. In their responses, Barg, Gutwein, Venettozzi, and Annucci must quote each request verbatim.[2]

C. **Application for the appointment of counsel**

The factors to be considered in ruling on an indigent plaintiff's request for counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the appointment of counsel (Doc. #2) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

3

The Court also directs the Clerk of Court to issue summonses for Defendants Barg, Gutwein, Venettozzi, and Annucci; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court directs Defendants Barg, Gutwein, Venettozzi, and Annucci to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court denies Plaintiff's application for the appointment counsel (Doc. #2) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date. The Clerk is instructed to terminate the motion. (Doc. #2).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: 2/18/20
White Plains, New York

VINCENT L. BRICCETTI
United States District Judge

4

# DEFENDANTS AND SERVICE ADDRESSES

1. Sergeant Barg
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. Eric Gutwein, Hearing Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. D. Venettozzi, Director
   Special Housing/Inmate Disciplinary Program
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, New York 12226-2050

4. Anthony Annucci, Acting Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus – Building 2
   1220 Washington Avenue
   Albany, New York 12226-2050