UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NESER DERTI,

                              Plaintiff,

              -against-

SGT. BARG; H.O. GUTWEIN; DIR. OF SHU
VENETTOZZI, COMMISSIONER ANNUCCI,

                              Defendants.

---------------------------------------------------------------

7:19-CV-10215 (VB)

AMENDED ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff, currently incarcerated in the Elmira Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983 and seeks damages. He sues Correctional Sergeant Barg,

Disciplinary Hearing Officer Gutwein, Special Housing/Inmate Disciplinary Program Director

Venettozzi, and Acting State Correctional Commissioner Annucci. By order dated February 13,

2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis* ("IFP").[1]

        By Order dated February 18, 2020, the Court directed service on the defendants. (Doc.

#9).  However, the Court received a letter today from counsel for defendants Gutwein,

Venettozzi, and Annucci in which she explained that "service was attempted, and failed, at

Green Haven Correctional Facility" respecting defendant Sergeant Barg. (Doc. #15).  She further

explained that "Sgt. Barg has retired from the Department of Corrections and Community

Supervision and therefore can no longer be served at Green Haven Correctional Facility."  (Id.).

She then provided an address for service.

---

        [1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A.        Service on the defendant Sgt. Barg

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal

Rules of Civil Procedure generally requires that the summons and complaint be served within 90

days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint on Sgt. Barg until the Court reviewed the complaint and ordered

that summonses be issued for those defendants. Moreover, because the Court was recently made

aware that Sgt. Barg has retired and therefore, the Marshals Service could not serve Barg at

Green Haven, the Court extends the time to serve Barg until November 4, 2020. If the complaint

is not served on Barg within that time, Plaintiff should request an extension of time for service.

*See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's

responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F.

App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP]

provides the information necessary to identify the defendant, the Marshals' failure to effect

service automatically constitutes 'good cause' for an extension of time within the meaning of

Rule 4(m).").

To allow Plaintiff to effect service on Sgt. Barg through the U.S. Marshals Service, the

Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

("USM-285 form") with the address provided by counsel for defendants Gutwein, Venettozzi,

and Annucci. (See Doc. #15). The Clerk of Court is further instructed to issue a summons for Sgt. Barg and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on defendant.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Barg must serve responses to those standard discovery requests. In his response, Barg must quote each request verbatim.[2]

**CONCLUSION**

The Court directs the Clerk of Court to issue summonses for Defendant Barg; complete USM-285 forms with the service address for that defendant; and deliver all documents necessary to effect service on Barg to the U.S. Marshals Service.

The Court directs Sgt. Barg to comply with Local Civil Rule 33.2 within 120 days of service of the complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

SO ORDERED.

Dated:   August 6, 2020
         White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

1.  Sergeant P. Barg
    New York State Department of Corrections and Community Supervision
    Harriman State Campus – Building 2
    1220 Washington Avenue
    Albany, NY 12226