```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NASER DERTI,                                                   :
                    Plaintiff,                                 :
                                                               :
v.                                                             :      OPINION AND ORDER
                                                               :
SERGEANT BARG, ERIC GUTWEIN, D.                                :      19 CV 10215 (VB)
VENETTOZZI, and ANTHONY ANNUCCI,                               :
                                                               :
                    Defendants.                                :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Naser Derti, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against defendants Sergeant Barg, Eric Gutwein, D. Venettozzi, and Anthony Annucci. Liberally construed, plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments.

Now pending is defendants' motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #31).

For the reasons set forth below, the motion is GRANTED. However, plaintiff is granted leave to file a second amended complaint as specified below.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.[1]

---

[1] Plaintiff's original complaint was filed on November 27, 2019. (Doc. #1 ("Compl.")). Plaintiff's amended complaint was filed on January 25, 2021. (Doc. #29 ("Am. Compl.")). Given plaintiff's pro se status, the Court looks to both pleadings and their exhibits for the purpose of the motion to dismiss.

1

I.      Factual Background

During the complained-of events, plaintiff was incarcerated at Green Haven Correctional Facility in Stormville, New York, and Southport Correctional Facility in Pine City, New York. (Compl. ¶ VII.A).  He is currently incarcerated at Elmira Correctional Facility in Elmira, New York.  (Am. Compl. ¶ 3).

Plaintiff alleges he was subject to a false misbehavior report on September 15, 2014. (Am. Compl. ¶ 9).  Namely, he asserts that following a cell search authorized by defendant Barg, plaintiff was falsely charged with smuggling, possession of an altered item, and possession of contraband.  (Id. ¶¶ 10, 18).

Plaintiff alleges defendant Gutwein conducted a Tier III hearing on the charges.  (Am. Compl. ¶ 19).[2]  Plaintiff further alleges his requests to call certain witnesses and present certain documentary evidence at the hearing were improperly denied.  (Id. ¶¶ 9–11).  According to plaintiff, Gutwein conducted the hearing in a biased manner.  (Id. ¶ 21).  Plaintiff contends this conduct violated his constitutional right to procedural due process.  (See id. ¶ 17).

The hearing concluded on or about December 8, 2014, and plaintiff was found guilty only of possession of contraband.  (Am. Compl. ¶ 22; Compl. Ex. A ("Pet.") ¶ 2).  He was sentenced to thirty-six months in the Special Housing Unit, with twelve months suspended, as well as a thirty-six-month loss of privileges and a recommended loss of thirty-six months of good time. (Am. Compl. ¶ 11; see also Pet. ¶ 36).  Plaintiff contends this sentence was excessive and in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  (Am. Compl. ¶ 17).

---

[2]     New York regulations provide for three tiers of hearings for prisoners accused of misconduct.  7 N.Y.C.R.R. § 270.3(a).  A Tier III hearing, also called a superintendent's hearing, id. § 270.3(a)(3), is conducted in cases of the most serious accusations of misconduct.

Plaintiff appealed the decision on or about December 15, 2014.  (Am. Compl. ¶ 12; Pet. ¶ 37).  Defendant Venettozzi denied the appeal on February 11, 2015.  (Am. Compl. ¶ 12). Through pro bono counsel, plaintiff moved for reconsideration of the decision.  (Id.; see Am. Compl. Ex. 9 at ECF 35–38).³  The motion was denied by letter dated April 20, 2015.  (Am. Compl. ¶ 12; Am. Compl. Ex. 11 at ECF 42).

Also through pro bono counsel, plaintiff commenced an Article 78 proceeding on June 11, 2015, challenging the hearing process and the penalty imposed.  (Am. Compl. ¶ 23; see generally Pet.).  On December 1, 2016, the Appellate Division, Third Department, concluded the penalty imposed was not supported by substantial evidence, granted the petition, and directed plaintiff's record be expunged.  (Am. Compl. ¶ 13); see also Derti v. Annucci, 145 A.D.3d 1126, 1127–28 (3d Dep't 2016).  The hearing decision was reversed and plaintiff's record expunged on December 2, 2016.  (Am. Compl. Ex. 1 at ECF 19).

Plaintiff filed a grievance regarding the hearing and his sentence on December 13, 2016.  (Am. Compl. ¶ 25).  The inmate grievance program committee ("IGPC") referred the grievance to the superintendent.  (Id. Ex. C at ECF 27).  In its opinion, the IGPC stated:

> The response of the investigation is in error, in that it was not the disciplinary appeals process that overturned this conviction.  The Grievant had to file in court and fight the conviction.  The court found that there was evidence that something was indeed wrong with the conviction and overturned it.  With that contention, the Reps. feel that it is beyond their purview to do anything in this case and therefore deadlock this response so that the Superintendent can respond.

(Id. Ex. B at ECF 25).

The superintendent denied plaintiff's grievance, which plaintiff received on February 6, 2017. (Am. Compl. Ex. C at ECF 29).  Plaintiff appealed to the Central Office Review

---

³ "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

3

Committee ("CORC").  (Id.).  CORC denied the appeal.  (Id. at ECF 30).  Plaintiff received the denial on January 17, 2018.  (Id. ¶ 14).

II.     Procedural History

Plaintiff's initial complaint is dated October 15, 2019, and was filed with this Court on November 27, 2019.  (Compl.).

Defendants moved to dismiss on October 8, 2020.  (Doc. #22).  By letter dated January 10, 2021, plaintiff sought leave to amend his complaint.  (Doc. #27).  Leave was granted and defendants' motion to dismiss was denied as moot.  (Doc. #28).

The amended complaint was filed on January 25, 2021.  (Am. Compl.).  Thereafter, defendants filed the instant motion to dismiss.  (Doc. #31).

**DISCUSSION**

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4]  First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[4]     Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.     Statute of Limitations and Equitable Tolling

    A.     Statute of Limitations

Defendants argue plaintiff's claims are barred by the statute of limitations.

The Court agrees.

"The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law."  Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).  A Section 1983 claim "accrues when the plaintiff knows or has reason to know of the harm."  Id.  Dismissal based on a

statute-of-limitations defense "is appropriate only if a complaint clearly shows the claim is out of time." Brewer v. Hashim, 738 F. App'x 34, 34–35 (2d Cir. 2018) (summary order).[5]

Here, plaintiff's original complaint was signed October 15, 2019. (Compl. ¶ IX.A).[6] Accordingly, claims that accrued before October 15, 2016, are time-barred unless plaintiff plausibly alleges he is entitled to equitable tolling.

The events that give rise to plaintiff's action occurred prior to October 15, 2016. The Tier III hearing on the September 15, 2014, misbehavior report concluded on December 8, 2014. (Am. Compl. ¶ 22; Pet. ¶ 2). As a result, plaintiff's claims became time-barred three years after the date of the alleged violation—in other words, on December 8, 2017, well before plaintiff filed his original complaint.

Accordingly, plaintiff's claims are untimely unless equitable tolling applies.

B.     Equitable Tolling

Read liberally, plaintiff argues the statute of limitations is equitably tolled by his filing of (i) administrative appeals of the Tier III hearing disposition; (ii) an Article 78 proceeding; and (iii) grievances following the Article 78 proceeding.

The Court agrees plaintiff's claims are equitably tolled by his filing of administrative appeals and grievances, but it disagrees that plaintiff's claims are equitably tolled by the Article

---

[5]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[6]     Defendants contend the statute of limitations should be measured from January 20, 2021, the date the amended complaint was postmarked, rather than the date of the initial complaint. (Doc. #32 at 4). The Court disagrees. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The complaint and amended complaint arise out of the same conduct: plaintiff's Tier III hearing and the sentence imposed. (Compare Compl., with Am. Compl.).

6

78 proceeding.  Even applying equitable tolling, the Court concludes plaintiff's claims are untimely.

The statute of limitations may be equitably tolled if a plaintiff "show[s] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  Sides v. Paolano, 2021 WL 4256864, at *1 (2d Cir. Sept. 20, 2021) (summary order) (quoting Menominee Indian Tribe v. United States, 577 U.S. 250, 255 (2016)).  To show extraordinary circumstances "prevented" a plaintiff from filing his complaint on time, he "must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the [plaintiff], acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."  Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001).  "The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling . . . claim have ceased to be operational."  See Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007).

"[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."  Gonzalez v. Hasty, 651 F.3d 318, 323–24 (2d Cir. 2011).  "[T]he date on which [a prisoner] first raised his administrative claims demarcates the commencement of the period of time during which he was actively exhausting those claims."  Id. at 324.  An Article 78 proceeding does not equitably toll the statute of limitations.  Abbas v. Dixon, 480 F.3d at 641.  This is true even when the petition is granted and the state court reverses the hearing decision.  See, e.g., Harvey v. Melville, 2020 WL 5123410, at *3–4 (S.D.N.Y. Aug. 31, 2020).

Plaintiff first raised his administrative claims on or about December 15, 2014, when he appealed the hearing decision. (Pet. ¶ 37). The direct appeals process concluded on April 20, 2015, when he received a decision on his motion for reconsideration. (Id. ¶ 42). Thus, the statute of limitations was equitably tolled from December 15, 2014, to April 20, 2015; that is, for the duration of the direct appeals process.

Next, plaintiff commenced an Article 78 proceeding challenging the Tier III hearing decision on June 11, 2015. (Pet.; see Am. Compl. ¶ 23). Even though his Article 78 petition was granted, that proceeding does not toll the statute of limitations.

And third, plaintiff filed a grievance regarding his hearing on December 13, 2016. (Am. Compl. ¶ 25). The grievance process concluded on January 17, 2018, when plaintiff received the denial of his appeal. (Id.). The statute of limitations was equitably tolled from December 13, 2016, to January 17, 2018; that is, for the duration of the grievance process. Plaintiff does not address the nearly two-year delay between receiving the January 17, 2018, decision and commencing this action.

Plaintiff was actively exhausting his claims from December 15, 2014, to April 20, 2015, which totals 127 days, and again from December 13, 2016, to January 17, 2018, which totals 401 days. In other words, the statute of limitations was equitably tolled for 528 days.

Plaintiff received the hearing decision on December 8, 2014. For the purposes of the statute of limitations, his claims arising from the hearing process and penalty imposed are tolled 528 days, to May 19, 2016. Assuming plaintiff provided the initial complaint to his prison facility the day it was signed—October 15, 2019—even applying equitable tolling, plaintiff's claims are barred by the three-year statute of limitations.

III.    Claims Against Defendant Annucci

Even if the claims against him were not time-barred, defendants argue plaintiff has failed to allege facts sufficient to show defendant Annucci was personally involved in the alleged constitutional violations.

The Court agrees.

To state a claim under Section 1983, a plaintiff must allege facts showing defendants' direct and personal involvement in the alleged constitutional deprivation. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." Tangreti v. Bachmann, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing Annucci was personally involved in the events underlying his claims. Instead, plaintiff contends Annucci was on notice of the alleged constitutional violations—first, through plaintiff's appeal, and second, through plaintiff's motion for reconsideration of the denial of his appeal—but failed to take any action. (Doc. #33 at 16). These failures to act have no bearing on plaintiff's claims. Plaintiff alleges he was deprived of his rights to call witnesses and review documentary evidence during his Tier III hearing, but he does not allege Annucci had any personal involvement with the decisions to deprive him of those

9

rights.  Plaintiff also alleges the sentence imposed was cruel and unusual in violation of the Eighth Amendment, but he does not allege Annucci had any personal involvement with the imposition of his sentence.

Accordingly, plaintiff's claims against Annucci must be dismissed.

IV.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that "court[s] should freely give leave" to amend a complaint "when justice so requires."  Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim."  Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).  District "court[s] should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  But "a futile request to replead should be denied."  Id.  An "amendment is considered futile and leave may be appropriately denied when the statute of limitations for asserting the amended claim has expired."  See Ellis v. Kelly, 2019 WL 1243760, at *4 (E.D.N.Y. Mar. 18, 2019).

Here, because a liberal reading of the pleadings indicates there may be valid claims for equitable tolling of plaintiff's Section 1983 claims, the Court grants plaintiff leave to file a second amended complaint in accordance with the instructions below **to the extent he can do so clearly, concisely, truthfully, and plausibly**.

To the greatest extent possible, plaintiff's second amended complaint must address the deficiencies identified in this Opinion and Order and allege facts that support a finding of equitable tolling.  That is, plaintiff must explain any "extraordinary circumstance" that prevented him from timely commencing this action.  For example, plaintiff states "I lost my mother in

10

2015.  It was so stressful, I forgot the month & day due to my mental state deteriorating." (Compl. at ECF 126).  In certain circumstances, a plaintiff's mental illness may constitute an "extraordinary circumstance" that warrants equitable tolling of the statute of limitations.  See Bolarinwa v. Williams, 593 F.3d 226, 231–32 (2d Cir. 2010).

Further, to the extent plaintiff seeks to name Annucci as a defendant, he must allege Annucci's personal involvement in the events underlying his claims.

**Finally, the second amended complaint will <u>completely replace</u> the complaint, the amended complaint, and plaintiff's opposition to the motion to dismiss, including attachments.  Therefore, plaintiff must include in the second amended complaint <u>all</u> information necessary for his claims.  However, plaintiff is directed to include in his second amended complaint <u>only</u> those facts and documents he believes plausibly support a violation of his constitutional rights.**

## CONCLUSION

The motion to dismiss the amended complaint is GRANTED.  However, plaintiff is granted leave to file a second amended complaint in accordance with the instructions above.

Plaintiff shall file his second amended complaint by no later than December 13, 2021.  **<u>If plaintiff fails to file a second amended complaint or seek additional time to do so by December 13, 2021, the Court will deem plaintiff to have abandoned this case and will direct the Clerk to enter judgment in defendants' favor and close the case.</u>**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion.  (Doc. #31).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the docket.

Dated: October 12, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge