UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NASER DERTI,
              Plaintiff,

v.

SERGEANT BARG, ERIC GUTWEIN, D.
VENETTOZZI, and ANTHONY ANNUCCI,
              Defendants.
--------------------------------------------------------------x

**ORDER**

19 CV 10215 (VB)

    On March 14, 2022, plaintiff, proceeding pro se and in forma pauperis, filed a "Reply to Notice of Motion to Dismiss." (Doc. #43). The submission is identical to plaintiff's opposition to defendants' motion to dismiss the amended complaint, filed on April 5, 2021 (Doc. #33), except plaintiff has changed the date of the submission from March 27, 2021, to March 10, 2022.

    Liberally construed, plaintiff moves for reconsideration of the Court's Opinion and Order dated October 12, 2021, in which the Court granted defendants' motion to dismiss the amended complaint. Specifically, the Court dismissed plaintiff's constitutional claims as time barred and dismissed his claims against defendant Anthony Annucci for lack of personal involvement. (Doc. #39).

    Plaintiff's motion for reconsideration is DENIED.

    "To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Ent. Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Local Civil Rule 6.3. The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

    Plaintiff does not demonstrate any change in law, offer new evidence, or point to any clear error in the Court's Opinion and Order. Instead, he refiled his opposition to the motion to dismiss. This is insufficient to justify reconsideration of the October 12, 2021, Opinion and Order. See Weissman v. Fruchtman, 124 F.R.D. at 560 ("[P]laintiffs have raised no controlling matter that was not before the Court prior to the issuance of the Opinion, and that was not explicitly or implicitly determined by the Court in that Opinion. As such, the present application is precisely the sort of endless litigious exercise that is to be avoided under the local rule. The motion for reargument is therefore denied, and the Opinion will not be reconsidered.").

    Accordingly, plaintiff's motion for reconsideration must be denied.

Moreover, plaintiff has failed to file a second amended complaint. In its October 12, 2021, Opinion and Order, the Court granted plaintiff leave to file a second amended complaint by December 13, 2021, in accordance with the instructions set forth in the Opinion and Order. (Doc. #39). In doing so, the Court warned plaintiff in bold and underlined font that if he failed to file a second amended complaint or seek additional time to do so by December 13, 2021, the Court would deem plaintiff to have abandoned this case, and would direct the Clerk to enter judgment in defendants' favor and close the case.

On December 16, 2021, the Court granted plaintiff's motion for an extension of time to file a second amended complaint, and directed plaintiff to file his second amended complaint or seek additional time to do so by January 18, 2022. (Doc. #40).

On January 18, 2022, the Court granted plaintiff's second motion for an extension of time to file a second amended complaint, and directed plaintiff to file his second amended complaint by **March 15, 2022**. (Doc. #42). The Court warned that, absent compelling circumstances, it would not grant a further extension of the March 15, 2022, deadline.

To date, plaintiff has not filed a second amended complaint. Moreover, the Court has not received any return mail or other indication that plaintiff did not receive the December 16, 2021, or January 18, 2022, orders granting him an extension of time to do so.

Accordingly, the Court having previously granted defendants' motion to dismiss the amended complaint, and plaintiff having failed to file a second amended complaint or seek additional time to do so by March 15, 2022, the Clerk is directed to enter Judgment in defendants' favor and close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address listed on the docket.

Dated: March 31, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge